UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL A. JOHNSON II,

                                    Plaintiff,

                -against-

CITY OF NEW YORK, *et al.*,

                                    Defendants.

19-CV-8745 (LLS)

ORDER TO AMEND

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis*, filed this complaint brought under 42 U.S.C. § 1983, alleging that Defendants violated his rights. By order dated November 5, 2019, Chief Judge Colleen McMahon directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on February 5, 2020, and the Court has reviewed it. For the reasons set forth in this order, the Court grants Plaintiff 60 days' leave to file a second amended complaint.

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

<h1 align="center">BACKGROUND</h1>

Plaintiff originally filed this action asserting claims of assault, battery, false arrest, false imprisonment, denial of medical care, excessive use of force, and malicious prosecution. On November 5, 2019, Chief Judge McMahon granted Plaintiff leave to detail his claims and name the individual defendants who were involved personally in violating his rights.

Plaintiff filed the amended complaint, naming approximately 75 Defendants, although the pleading does not clearly identify all the defendants. But to the extent the Court can discern who Plaintiff intended to sue, it appears that Defendants are employed by the following New York City departments and agencies: (1) the Mayor's Office; (2) the New York City Police Department (NYPD); (3) the New York City Corporation Counsel; (4) the Manhattan and Bronx District Attorney's (DA) Offices; (5) the New York City Fire Department's Emergency Medical Services (EMS); (6) the Department of Social Services (DSS); and (7) the New York City Housing Authority (NYCHA). The defendants listed in the caption of the complaint are:

1. The City of New York;

2. Mayor de Blasio; Deputy Mayors Dean Fuleihan, Laura Anglin, Dr. Herminia Palacio, J. Phillip Thompson;

3. NYPD Commissioner Dermot Shea; NYPD Deputy Commissioners Benjamin Tucker and Joseph Reznick; and former NYPD Commissioner William Bratton;

4. Detectives Omar Vargas, Smith, and Gurgoro; Inspectors Hennessy and Christopher Mackintosh; Police Officers Zheng, Risc, Konner, Mekedy Jones, Robert Spain, Gillian Sesenton, Mark Peters, Lawrence Byrne, Cathleen Perez, John Miller, Robert Boyce, Robert Fox, Ladas, Luciano, Makeda Thompson; Lieutenants Johnson, King, Ianas; Metropolitan Transportation Authority (MTA) Chiefs Edward Delatorre and Joseph McGrann; MTA Agent Owen Monaghan; MTA Officers Pennant and Torres; Sergeant Thomas, Nerio, Rodriguez, Orsi; Park Department Officer E. Vasquez and K. Newman; and NYPD Supervisors Kathleen M., Stephen Hughes, Jeffrey Maddrey, Martin

Hernandez, Eugene Ross, Terry Lois, Anthony Acevedo, Samuel Salnave, and Manning; and John and Jane Doe NYPD defendants;

5. Corporation Counsel Zachary Carter, and Assistant Corporation Counsel (ACC) Jacqueline Dudley, Martha Calhoun, Dexter Freeman, James Reed, Mandy Darlington, Marlene Campbell, and Peter Uzamere;

6. DA Cyrus Vance, DA Darcel Clark, Assistant District Attorneys (ADA) Smith, Dominque Anglade, and Wesley Blount;

7. EMS technicians Howards and Rivera;

8. Commissioner of the Department of Social Services (DSS) Steven Banks and DSS; Director Byrd;

9. NYCHA employee Alicia Glen; and

10. Bronx Criminal Court.

Plaintiff alleges several sets of allegations, some of which do not appear to be related. But the amended complaint primarily concerns claims of false arrest and malicious prosecution and appear to involve Defendants Detectives Vargas and Giammo; Inspector Hennessy; Officers Zheng and Risc; and a John Doe defendant. Specifically, Plaintiff alleges that on January 27, 2019, and January 30, 2019, these officers falsely arrested him, illegally removed his service dog, and denied him medical care. Plaintiff further asserts that ADA Anglade deprived him of his service dog, aided in his January 27, 2019 arrest, and maliciously prosecuted him on the charges arising out of the arrest. Plaintiff does not state the nature of the charges, but he claims that on May 3, 2019, he was acquitted of all charges.

In addition to these claims, Plaintiff also asserts unrelated claims, including:

1. Mackintosh and John and Jane Doe NYPD defendants participated in a cover-up of a September 4, 2017 assault on Plaintiff.

2. NYCHA employee Glen participated in Plaintiff's November 8, 2017 arrest.

3. DSS Commissioner Banks created rules and regulations that resulted in DSS staff and NYPD officers harming Plaintiff on November 8, 2017.

4. Dudley and Thompson participated in the violation of Plaintiff's rights on December 29, 2015.

5. Calhoun participated in the violation of Plaintiff's rights on March 3, 2014.

6. Uzamere participated in the violation of Plaintiff's rights on an unspecified dated.

7. Byrd, Reed, Acevedo, Salnave, Ross Lewis, Jones, and Hernandez participated in the violation of Plaintiff's rights on February 11, 2014, August 23, 2015, and September 24, 2015.

8. On November 8, 2017, Freeman "made comments to KILL Plaintiff and [his] service dog." (ECF No. 7 at 13.)

9. Ross participated in violating Plaintiff's rights in 2017.

10. Employees of the FDNY denied Plaintiff medical care on several occasions from 2017-2019.

11. On January 27, 2020, state court judges in the Bronx Criminal Court ordered Plaintiff's service dog be removed from the courthouse.

## DISCUSSION

### A. False arrest and Malicious Prosecution Claims

A claim for false arrest under § 1983 incorporates the elements of a false arrest claim under state law. *See Boyd v. City of New York*, 336 F.3d 72, 75 (2d Cir. 2003). To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest.") (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted).

To state a claim for malicious prosecution, a plaintiff must allege facts showing: (1) that the defendant initiated or continued a prosecution against the plaintiff; (2) that the defendant lacked probable cause to commence the proceeding or believe the proceeding could succeed; (3) that the defendant acted with malice; and (4) that the prosecution was terminated in the plaintiff's favor. *See Fulton v. Robinson*, 289 F.3d 188, 195 (2d Cir. 2002). Moreover, "a plaintiff asserting a malicious prosecution claim under § 1983 must . . . show that the underlying criminal proceeding ended in a manner that affirmatively indicates his innocence." *Lanning v. City of Glens Falls*, 908 F.3d 19, 22 (2d Cir. 2018).

Plaintiff fails to state a false arrest or malicious prosecution claim because he does not plead any facts suggesting that the arresting officers violated any of his rights during the arrest or that his criminal proceeding ended in a manner that affirmatively indicates his innocence. Moreover, he does not state any facts showing how the individual officers were involved personally in violating his rights.

The Court therefore grants Plaintiff leave to file a second amended complaint to state facts in support of his false arrest and malicious prosecution claims brought against Detectives Vargas and Giammo; Inspector Hennessy, Officers Zheng and Risc; as well as any other defendants personally involved in his January 27, 2019 arrest and subsequent prosecution.

## B.    Prosecutorial Immunity

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (holding that absolute immunity is analyzed under "functional approach" that "looks to the nature of the function performed, not the

identity of the actor who performed it"). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009).

Here, Plaintiff's claims against Defendants Vance, Clark, Anglade, Smith, and Blount appear to be based on actions within the scope of their official duties and associated with the conduct of the judicial phase of the criminal process, although Plaintiff only asserts facts associated with ADA Anglade's alleged involvement; that is, he claims that ADA Anglade participated in his arrest. But Plaintiff does not state any facts suggesting that this defendant was present during the arrest. Because it appears that Plaintiff sues this individual because she prosecuted him, she is absolutely immune for this conduct. Therefore, Plaintiff's claims against the prosecutor-defendants are dismissed because he seeks monetary relief against defendants who are immune from suit, and as frivolous. *See* 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *see Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

## C.    Municipal Liability

When a plaintiff sues a municipality under § 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing.  The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011)  ("A municipality or other local government may be liable under this section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a § 1983 claim against a municipality, the

plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff names the City of New York, claiming that the City adopted policies that resulted in the violation of his rights; but Plaintiff does not describe the nature of those policies or allege how the implementation of any policy resulted in a violation of his rights. The Court therefore dismisses all claims brought against the City of New York for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D.      Supervisory Defendants**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[1]

Plaintiff does not allege any facts showing how Mayor de Blasio; Deputy Mayors Dean Fuleihan, Laura Anglin, Dr. Herminia Palacio, J. Phillip Thompson; NYPD Commissioner Dermot Shea; NYPD Deputy Commissioners Benjamin Tucker and Joseph Reznick; former NYPD Commissioner William Bratton; and NYPD supervisors Delatorre, Monaghan, O'Neil, and McAllister were personally involved in the events underlying his claims. Though Plaintiff suggests that these defendants created policies which resulted in the violation of his rights, he does not state the nature of those polices or which of his rights were violated based on these policies. Plaintiff's claims against these defendants are therefore dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### E.     Bronx Criminal Court

Section 1983 protects against deprivations of one's federally protected rights by any "person" acting under color of state law. 42 U.S.C. § 1983. A court is not a "person" within the meaning of § 1983. *Zuckerman v. Appellate Div., Second Dep't, Sup.Ct. of State of N. Y.,* 421 F.2d 625, 626 (2d Cir. 1970). Moreover, as an agency of the state of New York, "New York state courts are immune from suit under the Eleventh Amendment." *Goldberg v. Roth,* No. 99-CV-11591, 2001 WL 1622201, at *4 (S.D.N.Y. Dec. 17, 2001) (citations omitted). For these reasons, the Bronx Criminal Court is not a proper defendant, and Plaintiff's claims against it are dismissed. If Plaintiff seeks to bring claims arising out of events that occurred at Bronx Criminal Court, he may do so in a new civil action.

---

[1] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

## F.    Remaining Defendants

The Court dismisses without prejudice Plaintiff's claims brought against the remaining defendants under Rule 21 of the Federal Rules of Civil Procedure. That rule "authorizes the severance of any claim, even without a finding of improper joinder, where there are sufficient other reasons for ordering a severance." *Wyndham Assoc. v. Bintliff*, 398 F.2d 614, 618 (2d Cir. 1968); *see also Ghaly v. U.S. Dep't of Agric.*, 228 F. Supp. 2d 283, 292 (S.D.N.Y. 2002) (noting that "district courts have broad discretion to decide whether joinder is appropriate, even when the requirements of Rule 20(a) have been met") (citation omitted).

Plaintiff brings claims against several defendants that do not relate to each other and do not relate to Plaintiff's 2019 false arrest and malicious prosecution claims. The Court therefore dismisses without prejudice all claims brought against Johnson, King, McGrann, Pennant, Torres, Mackintosh, Ianas, Grugoro, Konner, Thomas, Jones, Spain, Perez, Miller, Boyce, Fox, Ladas, Vasquez, Newman, Nerio, Luciano, Rodriguez, Orsi, Kathleen M., Hughes, Maddrey, Thompson, Hernandez, Ross, Lois, Acevedo, Salnave, Manning, Carter, Dudley, Calhoun, Freeman, Reed, Darlington, Campbell, Uzamere, Howards, Rivera, Banks, Byrd, and Glen.

## CONCLUSION

Plaintiff is granted leave to file a second amended complaint that complies with the standards set forth above. Plaintiff must submit the second amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-8745 (LLS). A Second Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, this action  will be dismissed for failure to state a claim upon which relief may be granted.

The Court dismisses Plaintiff's claims against the City of New York, Vance, Clark, Anglade, Smith, Blount, Mayor de Blasio, Fuleihan, Anglin, Palacio, Thompson, Shea, Tucker, Reznick, Bratton, Delatorre, Monaghan, O'Neil, McAllister, and the Bronx Criminal Court. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii). The Court also dismisses without prejudice Plaintiff's claims against Johnson, King, McGrann, Pennant, Torres, Mackintosh, Ianas, Grugoro, Konner, Thomas, Jones, Spain, Perez, Miller, Boyce, Fox, Ladas, Vasquez, Newman, Nerio, Luciano, Rodriguez, Orsi, Kathleen M., Hughes, Maddrey, Thompson, Hernandez, Ross, Lois, Acevedo, Salnave, Manning, Carter, Dudley, Calhoun, Freeman, Reed, Darlington, Campbell, Uzamere, Howards, Rivera, Banks, Byrd, and Glen. *See* Fed. R. Civ. P. 21.

This order is to be mailed in chambers.

SO ORDERED.

Dated:   April 2, 2020
            New York, New York

_____
Louis L. Stanton
U.S.D.J.

20mc179

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Judge Colleen McMahon

---

IN RE: CORONAVIRUS/COVID-19 PANDEMIC

M10-468

---

THIS MATTER RELATES TO:
Temporary Provision for Pro Se Litigants
to File by Email

STANDING ORDER

---

WHEREAS in response to the coronavirus/COVID-19 pandemic, the President of the United States has declared a national emergency and the Governor of New York has banned mass gatherings and ordered other restrictive measures throughout the state, and in order to protect the health of the public and staff while continuing court operations, it is hereby

ORDERED effective April 2, 2020, and until further order of the Court, the court will accept filings via email from self-represented, or "pro se," litigants without electronic filing privileges. Filings by pro se litigants submitted by email must be sent to Temporary_Pro_Se_Filing@nysd.uscourts.gov, and done in accordance with the procedures found in the April 1, 2020 Addendum to the court's ECF Rules & Instructions (attached).

Pro se parties with an email address are strongly encouraged to consent to receiving electronic service of case activity through notifications sent by email from the court's Electronic Case Filing (ECF) system by submitting the Consent to Electronic Service form (attached).

Pro se parties who do not have electronic filing privileges or who are unable to send documents by email may continue to submit documents by regular mail or through the drop box located in the lobby of the U.S. Courthouse at 500 Pearl Street, New York, NY, or the U.S. Courthouse at 300 Quarropas Street, White Plains, NY.

SO ORDERED.

Dated:        April 1, 2020
              New York, NY

_____

COLLEEN McMAHON
Chief United States District Judge



**United States District Court**
**Southern District of New York**

# Pro Se (Nonprisoner) Consent to Receive Documents Electronically

Parties who are not represented by an attorney and are not currently incarcerated may choose to receive documents in their cases electronically (by e-mail) instead of by regular mail. Receiving documents by regular mail is still an option, but if you would rather receive them only electronically, you must do the following:

1. Sign up for a PACER login and password by contacting PACER[1] at www.pacer.uscourts.gov or 1-800-676-6856;

2. Complete and sign this form.

If you consent to receive documents electronically, you will receive a Notice of Electronic Filing by e-mail each time a document is filed in your case. After receiving the notice, you are permitted one "free look" at the document by clicking on the hyperlinked document number in the e-mail.[2] Once you click the hyperlink and access the document, you may not be able to access the document for free again. After 15 days, the hyperlink will no longer provide free access. Any time that the hyperlink is accessed after the first "free look" or the 15 days, you will be asked for a PACER login and may be charged to view the document. For this reason, *you should print or save the document during the "free look" to avoid future charges.*

## IMPORTANT NOTICE

Under Rule 5 of the Federal Rules of Civil Procedure, Local Civil Rule 5.2, and the Court's Electronic Case Filing Rules & Instructions, documents may be served by electronic means. If you register for electronic service:

1. You will no longer receive documents in the mail;

2. If you do not view and download your documents during your "free look" and within 15 days of when the court sends the e-mail notice, you will be charged for looking at the documents;

3. This service does *not* allow you to electronically file your documents;

4. It will be your duty to regularly review the docket sheet of the case.[3]

---

[1] Public Access to Court Electronic Records (PACER) (www.pacer.uscourts.gov) is an electronic public access service that allows users to obtain case and docket information from federal appellate, district, and bankruptcy courts, and the PACER Case Locator over the internet.

[2] You must review the Court's actual order, decree, or judgment and not rely on the description in the email notice alone. *See* ECF Rule 4.3

[3] The docket sheet is the official record of all filings in a case. You can view the docket sheet, including images of electronically filed documents, using PACER or you can use one of the public access computers available in the Clerk's Office at the Court.

# CONSENT TO ELECTRONIC SERVICE

I hereby consent to receive electronic service of notices and documents in my case(s) listed below. I affirm that:

1. I have regular access to my e-mail account and to the internet and will check regularly for Notices of Electronic Filing;

2. I have established a PACER account;

3. I understand that electronic service is service under Rule 5 of the Federal Rules of Civil Procedure and Rule 5.2 of the Local Civil Rules, and that I will no longer receive paper copies of case filings, including motions, decisions, orders, and other documents;

4. I will promptly notify the Court if there is any change in my personal data, such as name, address, or e-mail address, or if I wish to cancel this consent to electronic service;

5. I understand that I must regularly review the docket sheet of my case so that I do not miss a filing; and

6. I understand that this consent applies only to the cases listed below and that if I file additional cases in which I would like to receive electronic service of notices of documents, I must file consent forms for those cases.

## Civil case(s) filed in the Southern District of New York:

**Note:** This consent will apply to all cases that you have filed in this court, so please list all of your pending and terminated cases. For each case, include the case name and docket number (for example, John Doe v. New City, 10-CV-01234).

_____

_____


_____
Name (Last, First, MI)

_____
Address          City          State          Zip Code

_____
Telephone Number          E-mail Address

_____
Date          Signature

**Return completed form to:**

Pro Se Intake Unit (Room 200)
500 Pearl Street
New York, NY 10007

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.

-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)

## AMENDED

## COMPLAINT

Do you want a jury trial?
☐ Yes   ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)


_____
(State in which the person resides and intends to remain.)


or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of


_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
                    (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial        Last Name

_____

Street Address

_____

County, City                        State                Zip Code

_____

Telephone Number                        Email Address (if available)

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                    Zip Code

Defendant 2:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                    Zip Code

Defendant 3:

_____
First Name                          Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                              State                    Zip Code

Defendant 4: _____

      First Name               Last Name

      _____

      Current Job Title (or other identifying information)

      _____

      Current Work Address (or other address where defendant may be served)

      _____

      County, City          State         Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____
_____
_____
_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____
_____
_____
_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Street Address

| County, City | State | Zip Code |
|---|---|---|

| Telephone Number | Email Address (if available) |
|---|---|

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

> If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.