```
USDC SDNY
DOCUMENT
ELECTRONIC
DOC #
DATE FILED: JAN 28 2021
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL A. JOHNSON,

                    Plaintiff,

-against-

CITY OF NEW YORK, et al.,

                    Defendants.

19-CV-8745 (GBD)

ORDER OF SERVICE

GEORGE B. DANIELS, United States District Judge:

    Plaintiff, appearing *pro se*, brings this action under 42 U.S.C. § 1983, alleging that Defendants violated his rights on November 8, 2017, by using excessive force and then arresting him. By order dated October 22, 2020, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

The Court assumes familiarity with the procedural history of this case. Plaintiff Michael Johnson brings this action against several New York City officials, claiming that on November 8, 2017, at a New York City Department of Social Services (DSS) Bronx location, six Defendants assaulted him and then falsely arrested him. He names a total of 34 Defendants: (1) the six defendants who he alleges participated in the November 8, 2017 incidents; (2) eight defendants who Plaintiff alleges were placed on notice months in advance that the six Defendants had planned to assault him; and (3) twenty defendants who did not participate in the events that transpired on November 8, 2017, or are not alleged to have been aware of those events in advance of their occurring. As to the second group of defendants allegedly placed on notice, Plaintiff claims that he had "alerted" these defendants of the "planned" assault. (ECF 14, at 10.)

The first group of defendants who allegedly violated Plaintiff's rights on November 8, 2017 are: (1) the City of New York; New York City Police Department (NYPD) Sergeants (2) Alexis Rodriguez and (3) Wendell Wright; (4) Dexter Freeman ("Chief of Department HRA/NYPD"); (5) Harriet Burke, and (6) NYPD Peace Officer Nancy Coleman.

The second group of defendants who allegedly were placed on notice that the November 8, 2017 events would transpire are: (1) DSS Commissioner Steven Banks; (2) DSS Deputy Commissioner Jacqueline Dudley; (3) DSS Field Director Peter Uzamere; (4) HASA Program Director James Reed; (5) Human Resources Administration (HRA) Supervisor Michael West; (6) Eugene Ross; (7) Deputy Mayor Herminia Palacio; and (8) Mayor Bill de Blasio.

The third group of defendants who Plaintiff does not state any facts showing their personal involvement are: (1) Dominique Anglade, Esq.; (2) Russell Backus; (3) William Bratton; (4) Lawrence Byrne; (5) Margaret Calhoun, Esq.; (6) Edward Delatorre; (7) Deputy Mayor Dean Fuleihen; (8) Inspector Hennessy; (9) Sherman Jones; (10) Sharon McAllister;

2

(11) Melitza; (12) Carlos Moreno: (13) Mark Peters; (14) NYPD Deputy Commissioner Joseph Reznick; (15) Officer Risc; (16) Commissioner Dermot Shea: (17) Anthony Shorris, (18) Deputy Commissioner Benjamin Tucker; (19) Cyrus R. Vance; and (20) Omar Vargas.

## DISCUSSION

A.  **Service on the six Defendants allegedly involved in the November 8, 2017 incidents**

Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service. *Walker v. Schult*, 717 F.3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)). Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summonses and second amended complaint until the Court reviewed the second amended complaint and ordered that summonses be issued. The Court therefore extends the time to serve until 90 days after the date summonses are issued. If the second amended complaint is not served within that time, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

To allow Plaintiff to effect service on Defendants City of New York; Sergeants Alexis Rodriguez and Wendell Wright; Dexter Freeman; Harriet Burke, and Nancy Coleman through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service

Process Receipt and Return form ("USM-285 form") for each of these defendants. The Clerk of Court is further instructed to issue summonses and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon these defendants.[1]

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

**B.      Claims dismissed against remaining defendants for lack of personal involvement**

To state a claim under § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled in this Circuit that personal involvement of defendants in the alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.") (internal quotation marks omitted). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). Rather, "[t]o hold a state official liable under § 1983, a plaintiff must plead and prove the elements of the underlying constitutional violation directly against the official." *Tangreti v. Bachmann*, No. 19-3712, _ F.3d _, 2020 WL 7687688, at *7 (2d Cir. 2020).

Plaintiff does not allege any facts showing how the eight defendants, who he allegedly placed on notice of an assault, were involved personally in violating any of his constitutional rights. Plaintiff's assertion that these defendants should have anticipated future harm against him, but failed to act, is insufficient to suggest a violation of the U.S. Constitution. As for the other

---

[1] It is unclear whether the addresses provided by Plaintiff for the individual defendants are sufficient. If these defendants are not served at the addresses provided, the Court may direct the New York City Law Department to provide addresses where these defnedants may be served.

4

twenty defendants, Plaintiff does not allege any personal involvement on their part whatsoever. Thus, Plaintiff's claims against Steven Banks, Jacqueline Dudley, Peter Uzamere, James Reed, Michael West, Eugene Ross, Herminia Palacio, Mayor Bill de Blasio, Dominique Anglade, Esq., Russell Backus, William Bratton, Lawrence Byrne, Margaret Calhoun, Esq., Edward Delatorre, Dean Fuleihen, Inspector Hennessy, Sherman Jones, Sharon McAllister, Melitza, Carlos Moreno, Mark Peters, Joseph Reznick, Officer Risc, Dermot Shea, Anthony Shorris, Benjamin Tucker, Cyrus R. Vance, and Omar Vargas are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff, together with an information package.

The Clerk of Court is further instructed to issues summonses, complete the USM-285 forms with the addresses for City of New York; Sergeants Alexis Rodriguez and Wendell Wright; Dexter Freeman; Harriet Burke, and Nancy Coleman, and deliver to the U.S. Marshals Service all documents necessary to effect service on these defendants.

The Court dismisses Plaintiff's claims against Steven Banks, Jacqueline Dudley, Peter Uzamere, James Reed, Michael West, Eugene Ross, Herminia Palacio, Mayor Bill de Blasio, Dominique Anglade, Esq., Russell Backus, William Bratton, Lawrence Byrne, Margaret Calhoun, Esq., Edward Delatorre, Dean Fuleihen, Inspector Hennessy, Sherman Jones, Sharon McAllister, Melitza, Carlos Moreno, Mark Peters, Joseph Reznick, Officer Risc, Dermot Shea, Anthony Shorris, Benjamin Tucker, Cyrus R. Vance, and Omar Vargas for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated: January 28, 2021
        New York, New York

SO ORDERED.

*[signature]*
GEORGE B. DANIELS
United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

1. City of New York
   100 Church Street
   New York, NY 10007

2. Sergeant Alexis Rodriguez
   888 Garrison Avenue, 3rd Floor
   Jerome Center, #48
   Bronx, NY 10474

3. Sergeant Wendell Wright
   888 Garrison Avenue, 3rd Floor
   Jerome Center, #48
   Bronx, NY 10474

4. Dexter Freeman
   100 Church Street
   New York, NY 10007

5. Harriet Burke
   888 Garrison Avenue, 3rd Floor
   Jerome Center, #48
   Bronx, NY 10474

6. Nancy Coleman
   888 Garrison Avenue, 3rd Floor
   Jerome Center, #48
   Bronx, NY 10474