

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL PESIN-VIROVETS
*Senior Counsel*
Phone: (212) 356-2617
E-mail: mpvirove@law.nyc.gov

May 5, 2023

**By ECF**
Honorable Ona T. Wang
United States Magistrate Judge
Southern District of New York
500 Pearl Street
New York, New York 10007



**MEMO ENDORSED.**

    Re:   <u>Michael A. Johnson v. the City of New York, et al.</u>,
            19-CV-8745 (GBD) (OTW)

Your Honor:

    I am a Senior Counsel in the Office of the Honorable Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney assigned to represent defendants in the above-referenced matter. In accordance with the Court's March 15, 2023 Order, defendants write in response to plaintiff's April 5, 2023 letter motion to compel discovery. For the reasons set forth below, defendants respectfully request that Plaintiff's motion be denied.

**Background**

    By way of background, plaintiff served initial interrogatories and requests pursuant to Federal Rule of Civil Procedure 33 on or about August 18, 2021. Upon information and belief, and review of defendants' electronic case file, defendants provided responses to plaintiff's initial interrogatories and document requests on or about December of 2021.[1] (See Defendants' Objections and Response to Plaintiff's Initial Interrogatories and Requests, annexed hereto as Exhibit A). On December 6, 2021, plaintiff served a second set of discovery demands pursuant to Federal Rule of Civil Procedure 34 and similarly, prior to the undersigned being assigned this matter, upon information and belief, responses were provided to plaintiff in or around February 4, 2022. (See Defendants' Objections and Response to Plaintiff's Request Pursuant to FRCP 34, annexed hereto as Exhibit B). Several months later, in June of 2022, after this case had been pending since September of 2019, and discovery had been well underway, the undersigned was

---

[1] An Assistant Corporation Counsel who no longer works for the New York City Law Department provided these responses.

transferred the instant matter. Now, more than a year later, plaintiff moves to compel certain information regarding those discovery demands and defendants' responses. Upon receipt of plaintiff's letter motion to compel dated April 5, 2023, and review of the annexed discovery responses, however, it has come to the undersigned's attention that it appears that defendants should have supplemented certain responses. Thus, defendants are currently in the process of gathering the outstanding discovery materials and will supplement their responses within the next thirty days. Defendants address each of the interrogatories and document requests raised in plaintiff's motion to compel below. [OK. /OTW]

**Interrogatory No. 1:**

Interrogatory No. 1 requests defendants to "identify the names of all witnesses known to the defendants who have knowledge of information relevant to the subject matter of the action." Pursuant to Interrogatory No. 1, plaintiff seeks, amongst other things, the names of all Department of Social Services (DSS)[2] employees plaintiff interacted with on the date of the incidents described in the complaint, all DSS employees who witnessed the incidents described in the complaint, and all DSS clients who witnessed the incidents described in the complaint. (See Generally Pls. Motion at ¶ 5(i-vi). As a preliminary matter, on or about December of 2021, defendants provided plaintiff with their objections to this request and referred plaintiff to their initial disclosures and accompanying documents, which were responsive to this request. Specifically, on April 5, 2021, pursuant to Fed. R. Civ. Pro. 26(a)(1)(A), defendants produced, amongst other things, the HRA Security Incident Report, the NYPD arrest report, and the NYPD complaint report, all of which identify individuals who were directly involved in the incident which forms the basis for plaintiff's Complaint, and, thus, have personal knowledge as to subject matter of this action. Furthermore, defendants are now in possession of the Bronx County District Attorney case file, which will be produced contemporaneously with defendants' instant response, which will provide plaintiff with additional responsive information. To the extent defendants learn of anyone else who may have knowledge or information regarding the underlying incident, defendants will supplement this response within the next 30 days. [OK. /OTW]

**Interrogatory No. 4:**

Interrogatory No. 4 requests defendants to identify all prior Section 1983 lawsuits filed against and served on each defendant. On or about December of 2021, defendants asserted their objections to this interrogatory and also responded stating that, without waiving or in any way limiting their objections, and limiting their responses to inactive section 1983 lawsuits that were made no more than ten years prior to the filing of the Second Amended Complaint and with claims similar to those in this action, no such lawsuits were filed against the named defendants. To further supplement that response, defendants state that, upon information and belief, the following officers have been sued in the following cases: [OK. /OTW]

Defendant Wendell Wright

---

[2] The Department of Social Services (DSS) is comprised of the administrative units of the New York City Human Resources Administration (HRA) and the Department of Homeless Services (DHS).

Miguel Mendez v. the City of New York et al.
Docket No. 023792/2019E
Supreme Court, Bronx

<u>Defendant Nancy Coleman</u>
Miriam Santiago and Christian Cartagena v. the City of New York et al.
Docket No. 300486/2015
Supreme Court, Bronx

**Interrogatory No. 6:**

Interrogatory No. 6 requests defendants to identify "for each member of the NYPD or HRA police named as a defendant, … all prior disciplinary actions, reprimands, and investigations conducted by the CCRB, NYPD, or HRA police." Upon information and belief, in December 2021, defendants objected to this interrogatory and informed plaintiff, in sum and substance, that they would supplement their response with disciplinary information for the defendants which includes allegations made against the defendants that are similar in nature to the claims alleged in this complaint, or those that involve allegations of dishonesty. Accordingly, defendants will supplement this response with that information once the parties can agree to an appropriate Stipulation and Protective Order. Defendants will provide plaintiff with a proposed stipulation and protective order in the next 30 days. [OK. /OTW]

**Document Request No. 4:**

Document Request No. 4 requests defendants to produce "the memobook entries and/or daily activity reports for all members of the NYPD & FDNY & DSS RECORDS I.A. who participated in or were present during each of the incidents described in the complaint." As a preliminary matter, upon information and belief, in December 2021, defendants provided plaintiff with their objections to this request noting that, amongst other things, it is not properly limited in time and to the extent that it seeks documents from individuals not known to the defendants. Moreover, defendants further objected on the grounds that, with respect to notes created by members of FDNY, no such documents exist as, upon information and belief, that agency was not involved in the incidents described in the complaint. To further supplement that response, defendants will search for responsive information and will produce the relevant portions of memobook entries or activity reports for members of the NYPD or DSS who participated in or were present for the incidents described in the complaint, if such information is obtained, within 30 days. [OK. /OTW]

**Document Request No. 5:**

Document Request No. 5 requests defendants to produce "any 911 or 311 reports, including any recordings, related to or concerning the incidents described in the complaint." As a preliminary matter, upon information and belief, in December 2021, defendants provided plaintiff with their objections to this request and further stated that, upon information and belief, there were no documents responsive to this request. Accordingly, this document request has been responded to and there is no further information to supplement this response with. [OK. /OTW]

**Document Request No. 9:**

Document Request No. 9 requests defendants to produce "any notes made by members of the NYPD or FDNY or DSS concerning the incidents described in the complaint." Upon information and belief, in December 2021, defendants provided plaintiff with their objections to this request and stated that, with respect to notes created by members of FDNY, no such documents exist as, upon information and belief, that agency was not involved in the incidents described in the complaint. Defendants further stated that, with respect to any relevant memobook entries prepared by currently named defendants in connection with plaintiff's arrest, defendants will continue to search for responsive documents and supplement their response should any information become available. To further supplement that response, defendants state that they will search for responsive information and will produce the relevant portions of memobook entries or activity reports for members of the NYPD, or DSS who participated in or were present for the incidents described in the complaint, if such information is obtained, within 30 days. OK. /OTW

**Document Request No. 19:**

Document Request No. 19 asks defendants to produce "any CCRB records and/or IAB or (DSS) I.G. MAYOR OFFICE, closing reports related to or concerning the incidents described in the complaint. Upon information and belief, in December 2021, defendants provided plaintiff with their objections to this request and further stated that, notwithstanding those objections, that there are no responsive documents to this request as there are no NYPD officers named in the instant lawsuit. OK. /OTW

**Document Request No. 20:**

Document Request No. 20 asks defendants to produce "for each member of the NYPD involved in the incidents described in the complaint, the CCRB and CPI indices of complainants or incidents that are similar to the incident alleged in the complaint or that raise questions about the credibility of each member of the NYPD who was involved in the incidents described in the complaint." Upon information and belief, in December of 2021, defendants provided plaintiff with their objections to this request and further stated that that there are no responsive documents to this request as there are no NYPD officers named in the instant lawsuit. OK. /OTW

**Document Request No. 21:**

Document Request No. 21 requested defendants to produce "for each member of the NYPD named as a defendant, a list identifying all prior section 1983 lawsuits filed against and served on defendant." On or about December of 2021, defendants provided plaintiff with their objections to this request and stated that that there are no responsive documents to this request as there are no NYPD officers named in the instant lawsuit. OK. /OTW

By: /s/ *Michael Pesin-Virovets*

Michael Pesin-Virovets
*Senior Counsel*

- 5 -

cc: **VIA ELECTRONIC MAIL**
Michael A. Johnson
*Plaintiff Pro Se*
70 East 115th Street, Apt. 10-E
New York, NY 10029
Blacksuperman2@charter.net

Plaintiff's April 5, 2023 letter motion to compel discovery (ECF 88) is **GRANTED** in part and **DENIED** in part. Where the City is undertaking to supplement its responses, it shall supply those responses by **June 30, 2023.**

The fact discovery deadline is extended to **July 14, 2023.**

The Clerk of Court is respectfully directed to close ECF 88.

**SO ORDERED.**

_____
Ona T. Wang                                                  6/1/23
U.S.M.J.